IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**RYAN ALEXANDER-BONNEAU**,

       Plaintiff,    No. 3:18-cv-00156-MO

  v.    OPINION AND ORDER

**SAFEWAY, INC.**

       Defendant.

**MOSMAN, J.**,

    This matter comes before me on pro se Plaintiff Ryan Alexander-Bonneau's Motion for Default [10] and Defendant Safeway, Inc.'s Motion to Dismiss [12]. For the reasons below, I find that service was ineffective. However, I DENY the Motion to Dismiss and instead direct Mr. Alexander-Bonneau to re-serve Safeway within thirty days of this Order. I also DENY the Motion for Default.

### BACKGROUND

    Mr. Alexander-Bonneau brings negligence, breach of contract, and other related claims against Safeway, alleging that Safeway improperly filled his prescriptions and sold him expired pepperoni. Compl. [1]. Mr. Alexander-Bonneau filed the Complaint on January 25, 2018. Compl. [1]. Mr. Alexander-Bonneau, through his mother, mailed a copy of the summons and complaint to Safeway's principal place of business in Pleasanton, California, using USPS

1 – OPINION AND ORDER

priority mail. Bonneau Decl. [19] at 1. USPS tracking information shows the package was delivered on May 10, 2018. Alexander-Bonneau Decl. [11], Ex. 1. On May 22, 2018, counsel for Safeway notified Mr. Alexander-Bonneau by mail of her representation and requested that he notify her of any intention to request default.

Mr. Alexander-Bonneau filed a Motion for Default on June 15, 2018, arguing Safeway was properly served and failed to respond within the time allowed by the Federal Rules of Civil Procedure. Motion [10]. Five days later, Safeway filed a Motion to Dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). Motion [12].

## DISCUSSION

**I. Motion to Dismiss for Insufficient Service of Process**

**A. Legal Standard**

Rule 12(b)(5) provides that a defendant may move to dismiss an action for insufficient service of process. Fed. R. Civ. P. 12(b)(5). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir.1984). But "without substantial compliance with Rule 4, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Direct Mail Specialists*, 840 F.2d at 688 (internal quotation marks removed). Once service of process is challenged, "[i]t is plaintiff's burden to establish the validity of service of process." *Roller v. Herrera*, No. 3:18-CV-00057-HZ, 2018 WL 2946395, at *2 (D. Or. June 11, 2018).

B. Analysis

Rule 4 provides that a corporation may be served in various ways, including by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), (h). Under Oregon law, Oregon Rule of Civil Procedure ("ORCP") 7 governs service of process. "In the case of a professional corporation, the primary service method contemplated by the Oregon rules is either personal service or office service on a registered agent, officer, or director or personal service upon any clerk on duty in the office of a registered agent." *Roller*, 2018 WL 2946395, at *3 (citing ORCP 7 D(3)(b)(i)). But "[i]f a registered agent, officer, or director cannot be found in the county where the action is filed," service may be made by several other alternatives. ORCP 7 D(3)(d)(ii). These alternatives include:

> [M]ailing in the manner specified in paragraph D(2)(d) of this rule true copies of the summons and the complaint to: the office of the registered agent or to the last registered office of the corporation, if any, as shown by the records on file in the office of the Secretary of State . . . [or] to any address the use of which the plaintiff knows or has reason to believe is most likely to result in actual notice.

ORCP 7 D(3)(d)(ii)(C). Paragraph D(2)(d) of ORCP 7 requires that "service by mail shall be made by mailing true copies of the summons and the complaint to the defendant by first class mail and by any of the following: certified, registered, or express mail with return receipt requested." ORCP 7 D(2)(d)(i).

To decide whether service was adequate under ORCP 7, courts look to a two-part test provided in *Baker v. Foy*, 797 P.2d 349, 354 (Or. 1990). First, courts ask: "[w]as the method in which service of summons was made one of those methods described in ORCP 7 D(2), specifically permitted for use upon the particular defendant by ORCP 7 D(3), and accomplished in accordance with ORCP 7 D(2)?" *Baker*, 797 P.2d at 354. If the answer is "yes," then service is

presumptively adequate. If not, the second question is whether "the manner of service employed by plaintiff satisf[ied] the 'reasonable notice' standard of adequate service set forth in ORCP 7 D(1)." *Id.* at 354–55. The "reasonable notice" standard requires that "[s]ummons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." ORCP 7 D(1).

Here, because Safeway's registered agent is located in Salem, Oregon, and this case was filed in Multnomah County, in a different area of the state, "a registered agent, officer, or director cannot be found in the county where the action is filed." *See* ORCP 7 D(3)(d)(ii). Therefore, Mr. Alexander-Bonneau could have served Safeway by mailing the complaint and summons to Safeway's registered office by first class mail and by "certified, registered, or express mail with return receipt requested." *See* ORCP 7 D(2)(d). Although he mailed the complaint and summons to Safeway's registered office by priority mail, he did not mail it by any of the secondary methods described in ORCP 7 D(2)(d).

Mr. Alexander-Bonneau does not dispute that he did not meet the first factor of the *Baker* test, because he did not serve Safeway in a manner described by Rule 4, or by any of the methods described in ORCP 7. Response [20] at 2–3. Instead, he argues that he fulfilled *Baker*'s second factor. Mr. Alexander-Bonneau argues that mailing the summons and complaint by priority mail with tracking to Safeway's principal place of business was a method of notice "reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." *See* ORCP 7 D(1); Amended Response [17] at 2.

Mr. Alexander-Bonneau argues that service satisfied the second factor for two reasons. First, he argues that Safeway received actual notice, because counsel sent a letter of representation to him. But "actual notice by the defendant of the action does not make service adequate." *Baker*, 797 P.2d at 355. Second, Mr. Alexander-Bonneau argues this case is similar to *Linh Thi Minh Tran v. Clear Recon Corp.*, No. 3:16-cv-2318-SI, 2017 WL 626361 (D. Or. Feb. 15, 2017), in which this Court concluded that a pro se plaintiff provided adequate service to several defendants. But in that case, the plaintiff mailed copies of the summons and complaint via first class and certified mail with return receipts, and defendants signed the return receipts. *Id.* at *4. The Court therefore concluded that "[i]t was objectively reasonable for Plaintiff to have believed upon receiving the return receipts that Defendants had received and accepted the summons and complaint and that she need not attempt any further follow-up service." *Id.*

Unlike the plaintiff in *Tran*, Mr. Alexander-Bonneau only sent the summons and complaint by priority mail. I conclude this case is more similar to another case involving a pro se Plaintiff, in which this Court concluded service was not adequate. In *Roller*, 2018 WL 2946395, the U.S. Marshals mailed copies of the summons and complaint by FedEx. *Id.* at *6. The Court concluded that service was not adequate under *Baker*, because the Marshal effecting service "did not know who would receive the documents once they were delivered and had no assurances that Defendants would ever see the Amended Complaint and summonses." *Id.* Similarly, here Mr. Alexander-Bonneau has not provided any evidence showing that his method of service would allow him to know that Safeway received and accepted the documents. Although the USPS tracking website showed the documents were delivered, delivery to a corporation, by itself, does not equate to the level of assurance provided by the return receipts used in *Tran*. *See* 2017 WL 626361, at *4. Given this record, I conclude service was inadequate under *Baker*.

### C. Whether to Dismiss or Quash Service

If a court concludes that service was improper, "[t]he choice between dismissal and quashing service of process is in the district court's discretion." *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976). "Service will ordinarily be quashed and the action preserved where 'there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly.'" *Roller*, 2018 WL 2946395, at *2 (quoting *Bravo v. Cty. of San Diego*, No. C 12–06460 JSP, 2014 WL 555195, at * 1 (N.D. Cal. Feb. 10, 2014)). "The district court also has the discretion, upon a showing of 'good cause' to extend the time for service outside of the 90–day period provided for in Rule 4." *Id.* (citing Fed. R. Civ. P. 4(m)).

I conclude there is a reasonable prospect that Mr. Alexander-Bonneau will be able to serve Safeway properly. Here, Mr. Alexander-Bonneau argues that he did not have access to certified mail or tracking in county jail, and he therefore asked his mother to mail the summons and complaint via priority mail. Given that he is no longer in county jail, and presumably still has access through his mother to other forms of mail, I conclude there is a reasonable prospect that Mr. Alexander-Bonneau will be able to serve Safeway properly. Additionally, as Mr. Alexander-Bonneau is pro se, I find good cause for extending the time for service. I direct Mr. Alexander-Bonneau to serve Safeway by a proper method as outlined in Rule 4 and ORCP 7 within thirty days of this order.

## II. Motion for Default

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Before a default can be entered, the court must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is

sought, which also means that the party must have been effectively served with process." 10A Charles Wright, Arthur Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 2682 (4th ed. 2018).

As stated above, I find that service was ineffective. I therefore DENY the Motion for Default.

## CONCLUSION

For the reasons stated above, I DENY the Motion to Dismiss [12] and instead direct Mr. Alexander-Bonneau to re-serve Defendants within thirty days of this Order. I also DENY the Motion for Default [10].

IT IS SO ORDERED.

DATED this ___27th___ day of July, 2018.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge